IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
| | |
|---|---|
| ABIGAIL LAN PORTER, | Civil Action No. 7:14CV00176 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | Hon. Glen E. Conrad |
| JACOB CECIL BUCK, et al., | Chief United States District Judge |
| Defendants. | |

This declaratory judgment action was removed from the Circuit Court of Franklin County by The Peninsula Insurance Company ("Peninsula"). The case is presently before the court on the plaintiff's motion to remand. For the reasons that follow, the plaintiff's motion will be denied.

## Background

The plaintiff, Abigail Lan Porter, a resident of Franklin County, Virginia, was seriously injured in an accident involving two all-terrain vehicles ("ATVs") on July 28, 2012. The ATV on which the plaintiff was riding as a passenger was driven by Jacob Cecil Buck. The second ATV was operated by Patrick Thomason. The plaintiff filed a tort action against Buck and Thomason in the Circuit Court of Franklin County, which remains pending.

In the instant action, filed on March 24, 2014, the plaintiff seeks a judgment declaring that she is entitled to $500,000.00 of uninsured/underinsured motorist coverage (UM/UIM coverage) under a commercial automobile insurance policy issued by Peninsula. See Compl. unnumbered ¶ 20, Docket No. 1-1 ("[T]he Plaintiff moves this Court to declare The Peninsula Insurance Company's underinsured motorist coverage in the amount of $500,000.00 . . . is applicable to the injuries and damages sustained by the Plaintiff in the motor vehicle occurrence of July 28, 2012 . . . ."). In addition to Peninsula, the plaintiff named the following individuals and entities as defendants: the alleged tortfeasors, Buck and Thomason; the plaintiff's father, Steven L. Porter, who is listed as the

named insured on the Peninsula policy; Buck's liability insurer, Foremost Insurance Company; and the Porter family's personal automobile insurer, Allstate Insurance Company.

On April 16, 2014, Peninsula, a Maryland corporation, removed the declaratory judgment action to this court on the basis of diversity jurisdiction. In the notice of removal, Peninsula acknowledged that Mr. Porter and the alleged tortfeasors, like the plaintiff, are citizens of Virginia.[1] Peninsula argues, however, that their presence does not defeat diversity jurisdiction because they are merely nominal parties.

On May 16, 2014, the plaintiff moved to remand the case to state court. She contends that the alleged tortfeasors are not merely nominal parties and, thus, that their presence precludes diversity jurisdiction. The plaintiff also argues that diversity jurisdiction is lacking because the plaintiff's citizenship must be imputed to Peninsula under 28 U.S.C. § 1332. In the event the court rejects these arguments and concludes that diversity jurisdiction does exist, the plaintiff requests that the court abstain from hearing the declaratory judgment action based on the factors set forth in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994).

The plaintiff's motion to remand has been fully briefed. Neither side requested a hearing on the motion, and the court has determined that oral argument would not aid in the decisional process. Accordingly, the matter is ripe for disposition.

## Discussion

### I. Diversity Jurisdiction

The threshold question the court must resolve is whether it has subject matter jurisdiction over this declaratory judgment action. In order for an action to be removed from state court to federal court, the action must be one "of which the district courts of the United States have original

---

[1] The other two defendants, Foremost Insurance Company and Allstate Insurance Company, are corporate citizens of Michigan and Illinois, respectively.

2

jurisdiction." 28 U.S.C. § 1441(a). If at any time before final judgment it appears that the court lacks subject matter jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c). The burden of demonstrating jurisdiction rests with Peninsula, "the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Peninsula premised its removal upon 28 U.S.C. § 1332, pursuant to which federal district courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. See 28 U.S.C. § 1332(a)(1). "Section 1332 requires complete diversity among the parties, meaning the citizenship of each plaintiff must be different from the citizenship of each defendant." Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014).

### A. The Nominal Party Exception

Although the plaintiff's father and the alleged tortfeasors share the plaintiff's Virginia citizenship, Peninsula contends that they are merely nominal parties. In determining whether complete diversity exists, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980). To rise above the status of a nominal party, a defendant must "possess a sufficient stake in [the] proceeding." Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 261 (4th Cir. 2013). The "key inquiry" is whether the case can be resolved without affecting the defendant in any reasonably foreseeable way. Id.

Applying these principles, the court agrees with Peninsula that the plaintiff's father and the alleged tortfeasors are purely nominal parties and, thus, that their citizenship should not be considered in the diversity analysis. The plaintiff brought this action solely to resolve a dispute over potential UM/UIM coverage under a policy issued by Peninsula. See, e.g., Compl. ¶ 1 ("This is a declaratory judgment action . . . wherein [the plaintiff] asks the Court to make a binding adjudication of rights

3

which exist for the plaintiff and obligations of Peninsula Insurance Company under the uninsured/underinsured coverage provided by Defendant Peninsula Insurance Company."). The plaintiff does not assert any causes of action against her father or the alleged tortfeasors, nor does she seek any relief from these defendants. Instead, the complaint makes clear that relief is sought only from Peninsula. See Id. at unnumbered ¶ 20 ("WHEREFORE, the Plaintiff moves this Court to declare the Peninsula Insurance Company's underinsured motorist coverage in the amount of $500,000.00 (Five Hundred Thousand Dollars) is applicable to the injuries and damages sustained by the Plaintiff in the motor vehicle occurrence of July 28, 2012 . . . ."). The fact that the plaintiff seeks nothing from her father or the alleged tortfeasors supports the conclusion that they have no "immediately apparent stake in the litigation" and, thus, are purely nominal parties. Hartford Fire Ins. Co. 736 F.3d 255 at 260; see also id. at 261 (holding that the named insured did not possess a sufficient stake in the proceeding to rise above the status of a nominal party, where the plaintiff did not seek either a monetary judgment or nondeclaratory, injunctive relief against the insured).

In seeking remand to state court, the plaintiff argues that the alleged tortfeasors are not nominal parties. However, the only argument offered by the plaintiff as to how these defendants have an interest in the outcome of this action is that, under Virginia law, "they will . . . be subject to the subrogation interest of Peninsula if Peninsula's uninsured and/or underinsured coverage is determined to apply in satisfaction of judgments rendered against them . . . ."[2] Pl.'s Br. at 6. As Peninsula emphasizes in its response, however, this precise argument has been rejected by other courts, both in this district and in the Eastern District of Virginia. See, e.g., Trigo v. Travelers Commercial Ins. Co., No. 3:10-cv-00028, 2010 U.S. Dist. LEXIS 92913, at *15-21 (W.D. Va. Sept. 7, 2010) (Moon, J.); Lloyd v. Travelers Property Casualty Ins. Co., 699 F. Supp. 2d 812, 816 (E.D.

---

[2] See Va. Code § 38.2-2206 ("Any insurer paying a claim under the endorsement or provisions required by subsection A of this section shall be subrogated to the rights of the insured to whom the claim was paid against the person causing the injury, death, or damage . . . .").

4

Va. 2010) (Ellis, J.). As these district courts explained, determinations regarding underinsured or uninsured motorist coverage in a declaratory judgment action are "independent of, and ha[ve] no impact upon, any potential liability that may be fixed upon [an] alleged tortfeasor" in a personal injury action. Trigo, 2010 U.S. Dist. LEXIS 92913, at *17. "At most," the outcome of the declaratory judgment action could "change the name of the payee on any checks [the alleged tortfeasors] write as a result of the personal injury suit." Lloyd, 699 F. Supp. 2d at 816.

Consistent with the foregoing decisions, the court concludes that none of the non-diverse defendants possess a sufficient stake in this action to rise above the status of a nominal party. Accordingly, their Virginia citizenship may not be considered in the diversity analysis. See Navarro, 446 U.S. at 460-61.

### B. Peninsula's Citizenship as Insurer

The court must also reject the plaintiff's argument that her Virginia citizenship is imputed to Peninsula under 28 U.S.C. § 1332(c), which provides, in pertinent part, as follows:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen.

28 U.S.C. § 1332(c)(1).

The plaintiff contends, without citation to any supporting case law, that this statute applies to the facts of this case and defeats diversity jurisdiction. However, courts have repeatedly held that actions by an insured against his or her own insurer are not direct actions within the meaning of the statute. See, e.g., Henry v. Wausau Business Ins. Co., 351 F.3d 710, 713 (6th Cir. 2003); McGlinchey v. Hartford Acc. and Indem. Co., 866 F.2d 651, 652-53 (3d Cir. 1989); Tuck v. United Services Auto Ass'n, 859 F.2d 842, 847 (10th Cir. 1988); Bowers v. Continental Ins. Co., 753 F.2d 1574, 1576 (11th Cir. 1985); Beckham v. Safeco Ins. Co., 691 F.2d 898, 901-02 (9th Cir. 1982); Corn

5

v. Precision Contr., Inc., 226 F. Supp. 2d 780, 782 (W.D.N.C. 2002); Roby v. General Tire & Rubber Co., 500 F. Supp. 480, 44 (D. Md. 1980).

These courts have explained that § 1332(c)(1) is limited to "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Beckham, 691 F.2d at 901-02. Thus, a "direct action" under § 1332(c)(1) does not exist "unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured." McGlinchey, 866 F.2d at 653. When an insured brings an action against her own insurer, "no direct action [exists] because the insurer's status is not that of a payor of a judgment based on the negligence of one of its insureds." Id.

In this case, Peninsula has not been sued as the insurer of an alleged tortfeasor, or as the payor of a judgment based on the negligence of one of its own insureds. Instead, the plaintiff is seeking the entry of a declaratory judgment against her own insurer. Accordingly, this is not a direct action within the meaning of § 1332(c)(1), and the plaintiff's Virginia citizenship is not imputed to Peninsula.

Based on the foregoing, the court concludes that Peninsula has met its burden of showing that complete diversity exists between the real parties in interest. Accordingly, the plaintiff's motion to remand for lack of diversity jurisdiction must be denied.

## II. Abstention

The plaintiff alternatively requests that the court abstain from exercising jurisdiction over this declaratory judgment action, pursuant to the factors set forth in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir. 1994). Those four abstention factors are as follows: (1) "the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts"; (2) "whether the issues raised in the federal action can more efficiently be resolved

6

in the court in which the state action is pending"; (3) "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law';" and (4) "whether the declaratory judgment action is being used as a device for procedural fencing." Id. at 377 (quoting Mitcheson v. Harris, 955 F.2d 235, 239-40 (4th Cir. 1992)).

After carefully considering the parties' briefs on this issue, the court finds that the Nautilus factors do not weigh in favor of absention. First, the court finds that the Commonwealth of Virginia does not possess a particularly strong interest in having the requested determinations made in its own courts. "While there is an interest in having the most authoritative voice speak on the meaning of applicable law, the federal court's power to abstain from deciding questions of state law may be exercised only when the state law questions are difficult, complex, or unsettled." Lark v. Nationwide Ins. Co. of Am., No. 7:13CV00395, 2013 U.S. Dist. LEXIS 156642, at *9-10 (W.D. Va. Oct. 31, 2013) (internal citation and quotation marks omitted). The court is convinced that the coverage declarations requested by the plaintiff do not fall within this limited category.

The second and third factors also weigh against abstention. There is no indication that the issues raised in this declaratory judgment action could be more efficiently resolved in state court, or that exercising jurisdiction over the declaratory judgment action would create a risk of entanglement between the federal and state court systems. While this action stems from the same accident as the personal injury suit, the issues to be decided are entirely different. As set forth above, the underlying state court action addresses the tort liability of Buck and Thomason to the plaintiff, whereas the instant action involves issues of contract interpretation.

Finally, there is no assertion that this action is being used as mere procedural fencing. This is clearly not a case where "a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum." Great Am. Ins. Co.

7

v. Gross, 468 F.3d 199, 212 (4th Cir. Va. 2006). Instead, the plaintiff "brought [this] properly removable declaratory judgment action[] in state court," and Peninsula "simply exercised its right to remove the action[] to federal court." Lark, 2013 U.S. Dist. LEXIS 156642, at *12.

The Nautilus factors clearly weigh against abstention. Accordingly, the court, having jurisdiction over this declaratory judgment action, will not abstain from adjudicating the issues presented.

## **Conclusion**

For the reasons stated, the plaintiff's motion to remand will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 18th day of July, 2014.

_____
Chief United States District Judge